UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LELBERT LOUIS WILLIAMS,<br><br>                    Plaintiff,<br><br>    vs.<br><br>CITY OF SPOKANE POLICE DEPARTMENT,<br><br>                    Defendant. | NO.  2:14-cv-00265-JLQ<br><br>ORDER DISMISSING COMPLAINT<br><br>**1915(g)** |

By Order filed October 14, 2014, the Court advised Plaintiff of the deficiencies of his Complaint and directed him to amend or to voluntarily dismiss within sixty (60) days. ECF No. 7. Plaintiff, a prisoner at the Spokane County Jail, is proceeding *pro se* and *in forma pauperis*. Defendant was not served.

Plaintiff was cautioned by the court's Order that if he failed to amend his complaint to state a claim upon which relief could be granted, it would be dismissed under 28 U.S.C. § 1915(e)(2) and 1915A(B)(1). Plaintiff has filed nothing further.

The only named Defendant in this action is the City of Spokane Police Department. However, a municipal police department is not a proper Defendant in an action under 42 U.S.C. § 1983. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring)(municipal police departments and bureaus are generally not considered "persons" within the meaning of section 1983). Plaintiff has failed to state a valid claim against the City of Spokane under section 1983. *See Monell v. Department of Social Servs.,*

ORDER DISMISSING COMPLAINT -- 1

436 U.S. 658, 690-91(1978).

Plaintiff has not amended his complaint to allege facts showing the absence of probable cause to arrest him for burglary. *See Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991); *see also McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984)(probable cause exists where there is "some objective evidence which would allow a reasonable officer to deduce that a particular individual has committed or is in the process of committing a criminal offense."). He did not present facts to support his conclusory assertion of racial profiling. *United States v. Armstrong*, 517 U.S. 456, 465 (1996). Furthermore, Plaintiff failed to present facts showing that the state criminal proceedings he is apparently challenging have been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Liberally construing the complaint in the light most favorable to Plaintiff, he has failed to present facts which "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

For the reasons set forth above and in the Court's previous Order, ECF No. 7, **IT IS ORDERED that** the Complaint and the claims therein shall be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted, 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), but **DISMISSED in part without prejudice** to Plaintiff properly challenging any criminal conviction in an appropriate state appellate proceeding and/or federal habeas proceeding.

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claim.**

ORDER DISMISSING COMPLAINT -- 2

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment of dismissal of the Complaint and the claims with prejudice, in part, but without prejudice to the right of the Plaintiff to challenge his criminal conviction in the appropriate state or federal court; forward a copy to Plaintiff; and close this file. The District Court Executive is further directed to forward a copy of this Order to the Office of the City of Spokane Attorney and to the Attorney General of Washington, Criminal Justice Division. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 15th day of January 2015.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER DISMISSING COMPLAINT -- 3